1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR MARTINEZ,<br><br>                                    Petitioner,<br><br>        vs.<br><br><br>K. HOLLAND, Warden,<br><br>                                    Respondent. | CASE NO. 13cv3007-GPC (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 9.) |

## I.  INTRODUCTION

Petitioner Edgar Martinez ("Petitioner"), proceeding *pro se* and *in forma pauperis*, filed a First Amended Petition for Writ of Habeas Corpus ("FAP") under 28 U.S.C. § 2254.  (ECF No. 9.)  On March 20, 2014, Respondent filed an answer to the FAP.  (ECF No. 10.)  On April 14, 2014, Petitioner filed his Traverse. (ECF No. 13.)  On May 12, 2014, pursuant to 28 U.S.C. § 636(b)(1), the Honorable William V. Gallo, United States Magistrate Judge ("Magistrate Judge"), issued a report and recommendation ("R&R") recommending that this Court deny Petitioner's FAP. (ECF No. 14.)  On June 20, 2014, Petitioner filed Objections to the R&R.  (ECF No. 15.)  After a thorough review of the issues and for the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's R&R and **DENIES** Petitioner's FAP.

## II. BACKGROUND

On March 24, 2011, following a jury trial, Petitioner was convicted in San Diego County Superior Court Case number SCD228494 of robbery, assault with a firearm, making a criminal threat, burglary, and grand theft of a firearm.  (ECF No. 11-2, Lodgment No. 1 at 130-34.)  As to the commission of each count, the jury found that Petitioner personally used a firearm in violation of California Penal Code section 12022.5(a) or section 12022.53(b).  (Id.)  On September 9, 2011, Petitioner was sentenced to a total prison term of fifteen years, reflecting the upper term of five years on the robbery count and a term of ten years for the gun use enhancement on that count. (Id. at 137).  Concurrent terms were imposed on the remaining counts and on the gun use enhancements. (Id.)

On January 17, 2012, Petitioner's appellate counsel filed a direct appeal in the California Court of Appeal, Fourth Appellate District, Division One, challenging the admission of a witness's statement to police, a claim not presented here. (ECF No. 11-10, Lodgment No. 3.)  On May 21, 2012, Petitioner filed a pro se Petition for Writ of Habeas Corpus in the same California Court of Appeal, claiming ineffective assistance of trial counsel during the plea bargaining and sentencing stages, and a judicial sentencing error in violation of his right to a jury trial. (ECF No. 12-1, Lodgment No. 9 at 4-9.)  On May 30, 2012, the Court of Appeal issued an order indicating that the direct appeal and the Petition for Writ of Habeas Corpus would be considered together. (ECF No. 12-4, Lodgment 11 at 32.)  On July 11, 2012, the California Court of Appeal issued two separate opinions.  In the first opinion, the Court of Appeal affirmed as to Petitioner's evidentiary claim not presented here.  (ECF No. 11-13, Lodgment No. 6.) In the second opinion, the Court of Appeal denied habeas relief with regard to Petitioner's ineffective assistance of counsel and judicial sentencing error claims. (ECF No. 12-2, Lodgment No. 10.)

On August 13, 2012, Petitioner, with counsel, filed a Petition for Review in the California Supreme Court on the basis of the evidentiary claim not presented here.

1  (ECF No. 11-14, Lodgment No. 7.)  The California Supreme Court denied the Petition

2  for Review on September 19, 2012.  (ECF No. 11-15, Lodgment No. 8.)

3      On September 3, 2013, Petitioner filed a pro se Petition for Writ of Habeas

4  Corpus in the California Supreme Court, raising the claims presented here.  (ECF No.

5  12-4, Lodgment No. 11.)  On November 20, 2013, the California Supreme Court

6  summarily denied the habeas petition without a statement of reason or citation to

7  authority.  (ECF No. 12-3, Lodgment No. 12.)

8      On December 13, 2013, Petitioner filed a Petition for Writ of Habeas Corpus

9  ("Petition") in this Court.  (ECF No. 1.)  On February 3, 2014, Petitioner filed a First

10  Amended Petition ("FAP").  (ECF No. 9.)  In his FAP, Petitioner alleges the same

11  claims raised in his original Petition: (1) ineffective assistance of counsel during the

12  plea bargaining proceedings, and (2) a judicial sentencing error and ineffective

13  assistance of counsel in relation to the sentencing.  (Id. at 5.)  On March 20, 2014,

14  Respondent filed a response to the FAP.  (ECF No. 10.)  On April 11, 2014, Petitioner

15  filed a Traverse.  (ECF No. 13.)  On May 12, 2014, the Magistrate Judge issued an

16  R&R, recommending that the FAP be denied.  (ECF No. 14.)  On June 18, 2014,

17  Petitioner filed Objections.  (ECF No. 15.)

18  ### III.  LEGAL STANDARD

19      In reviewing a magistrate judge's report and recommendation, a district court

20  "must make a *de novo* determination of those portions of the report . . . to which

21  objection is made" and "may accept, reject, or modify, in whole or in part, the findings

22  or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C); see also Fed.

23  R. Civ. P. 72(b).

24  ### IV.  DISCUSSION

25      Petitioner raises two general claims in his FAP, each alleging a violation of his

26  rights under the Sixth and Fourteenth Amendments.  First, Petitioner claims ineffective

27  assistance of trial counsel during the plea bargaining proceedings.  (ECF No. 9 at 5, 8-

28  13.)  Second, Petitioner claims a judicial sentencing error in violation of his right to a

jury trial, ineffective assistance of trial counsel in connection with his sentencing, and ineffective assistance of appellate counsel in connection with his sentencing. (ECF No. 9 at 5, 14-20).

**A.    Scope of Review**

28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended, states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable interpretation of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003).

Clearly established federal law, as determined by the Supreme Court, "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000); see also Lockyer, 538 U.S. at 71. A state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Williams, 529 U.S. at 405-06. "A state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or if it "either unreasonably extends a legal principle from our precedent to a new context where it should not apply or

1  unreasonably refuses to extend that principle to a new context where it should apply."

2  Id. at 407.

3      A state court need not cite Supreme Court precedent in resolving a habeas corpus

4  claim; "so long as neither the reasoning nor the result of the state-court decision

5  contradicts" Supreme Court precedent, the state court decision will not be deemed

6  contrary to clearly established federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

7  Ninth Circuit case law may be "persuasive authority for purposes of determining

8  whether a particular state court decision is an 'unreasonable application' of Supreme

9  Court law, and also may help us determine what law is 'clearly established.'" Duhaime

10  v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000).

11  **B.    Ineffective Assistance of Trial Counsel During Plea Bargaining**

12      First, liberally construing the FAP, Petitioner claims ineffective assistance of

13  counsel in violation of his Sixth and Fourteenth Amendment rights on the grounds that:

14  (1) trial counsel should have advised Petitioner to take the plea offer of ten years and

15  eight months because the State's case was so strong that no "rational jury would not

16  convict Petitioner on all charged counts"; (2) trial counsel incorrectly assessed

17  Petitioner's case in predicting that Petitioner would receive no more than 12 years,

18  causing Petitioner to decide to proceed to trial; and (3) trial counsel failed to "go on

19  record" and inform the Court that he discussed the ten-year, eight-month plea offer

20  with Petitioner and that he informed Petitioner that the offer was reasonable and that

21  it would be nearly impossible to prevail at trial.  (ECF No. 9.) Petitioner contends that,

22  in light of the State's overwhelming case against him, ". . . any plea offer could only

23  be considered 'a blessing' and defense counsel should have advised Petitioner to take

24  the (any) plea deal, [and] made a record that a plea offer was made (and rejected on

25  counsel's advice)," as opposed to proceeding to trial on charges with "absolutely no

26  chance of success."  (Id. at 12-13.)

27      In his Petition for Writ of Habeas Corpus before the California Court of Appeal,

28  Petitioner argued that trial counsel failed to negotiate a better plea offer and "failed to

communicate terms and conditions of the plea-bargain that would have been favorable." (ECF No. 12-1, Lodgment No. 9 at 5-6.)[1]  The California Court of Appeal denied Petitioner's claim of ineffective assistance of counsel during plea bargaining, stating:

> With respect to plea bargaining, Martinez alleges that his trial counsel "failed to communicate [the] terms and conditions of [a] plea-bargain offer that would have [been] more favorable" than the 15-year sentence that Martinez received after he was convicted at a jury trial. However, Martinez fails to support this bare allegation with any explanation of facts that would justify relief. Martinez states that "on the day of my jury selection the [district attorney] offered a plea-bargain of 10 years," and indicates that he discussed this offer with his attorney. Martinez does not allege that his attorney failed to communicate any other plea offer. Martinez also suggests that his attorney failed to attempt to negotiate a more favorable plea agreement with the prosecutor and overestimated the likelihood that Martinez would be acquitted, based on an irrational assessment of the evidence likely to be presented at trial. However, Martinez fails to allege specific facts that would substantiate these allegations. Accordingly, we conclude that Martinez has failed to adequately allege that his trial counsel provided ineffective assistance during plea bargaining. (See *People v. Duvall* (1995) 9 Cal.4th 464, 474 ["'Conclusory allegations [in a petition for habeas corpus] made without any explanation of the basis for the allegations do not warrant relief, let alone an evidentiary hearing.' [Citation.]"].)

(ECF No. 12-2, Lodgment No. 10 at 2-3.)

Respondent, in the answer to the FAP, and the Magistrate Judge, in the R&R, address Petitioner's claims of counsel's failure to negotiate a better plea bargain and failure to communicate favorable offers.  As to those claims, Respondent and the Magistrate Judge incorrectly reference the arguments set forth by Petitioner in the FAP. In his FAP, Petitioner states that "counsel's 'deficient performance' did not lie with attempting to obtain a better plea offer (than ten years, eight months). . ." (ECF No. 9 at 11.)  Moreover, Petitioner does not allege in his FAP that counsel failed to communicate any offer.  Therefore, to the extent that Respondent and the Magistrate Judge consider the issues of failure to negotiate a better plea offer and failure to

---

[1]Petitioner also argued before the California Court of Appeal that trial counsel incorrectly assessed what would happen at trial based on some of the evidence that was to be presented there, (ECF No. 12-1, Lodgment No. 9 at 5-6), which is similar but not identical to his second claim of ineffective assistance of counsel during plea bargaining presented in his FAP (i.e., that trial counsel incorrectly assessed Petitioner's case in predicting that Petitioner would receive no more than 12 years, causing Petitioner to decide to proceed to trial).

communicate favorable offers, they incorrectly substitute Petitioner's arguments before the California Court of Appeal for those presented to this Court in the FAP.

In his Objections, Petitioner maintains that he has satisfied his burden as set forth by the United States Supreme Court precedents by showing that: (1) the result of the plea process would been different if he had received competent advice; (2) he would have accepted the plea offer but for the ineffective assistance of trial counsel; and (3) the terms of the plea offer would have been more favorable to him than the sentence actually imposed. (ECF No. 15 at 10.) Therefore, Petitioner contends, "even assuming the 'high bar' deference of Strickland, here is a case based far more than an 'inaccurate prediction of sentence,'" because "counsel specifically told Petitioner 'he could not receive more than 12 years.'" (Id. at 11.) Petitioner argues that he "was erroneously advised of his chances of being convicted (which were 100%)" and "proceeded to trial based on this deficiency, whereas every fairminded juror would find Petitioner was illogically and unlawfully advised to proceed to trial, and now must serve 40 additional months in prison" due to trial counsel's deficient advice. (Id.)

The clearly established federal law governing ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668 (1983). See Williams, 529 U.S. at 391 (stating that it is beyond question that Strickland is the "clearly established" law governing ineffective assistance of counsel claims); Baylor v. Estelle, 94 F.3d 1321, 1323 (9th Cir. 1996); Jones v. Wood, 114 F.3d 1002, 1013 (9th Cir. 1997). For an ineffective assistance of counsel claim to stand, Strickland requires that: (1) counsel's performance fell below an objective standard of reasonableness, under prevailing norms of practice; and (2) the defendant was prejudiced, in the sense that he would have received a more favorable result but for counsel's unprofessional errors. Strickland, 466 U.S. at 687. To satisfy the deficient performance requirement, "[t]he challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." Id. at 689. Reviewing courts must apply a "strong presumption" that "counsel's conduct falls

within the wide range of reasonable professional assistance."  Id; see also Cullen v. Pinholster, 131 S.Ct. 1388, 1407 (2011) (courts must give "attorneys the benefit of the doubt" for proceeding as they did).

A "doubly deferential" standard applies to review of ineffective assistance of counsel claims under § 2254(d)(1).  Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). Thus, the proper focus for federal habeas courts is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard," not merely "whether counsel's actions were reasonable."  Harrington v. Richter, 131 S.Ct. 770, 786 (2011).

### 1.    Failure to Advise Petitioner to Accept the Plea Offer

First, Petitioner claims ineffective assistance of counsel because trial counsel should have advised Petitioner to accept the plea offer of ten years and eight months in light of the State's strong case against Petitioner.  Petitioner first raised this claim in the California Supreme Court (ECF No. 12-4, Lodgment No. 11 at 9-12); he did not raise it in the California Court of Appeal.  The California Supreme Court denied the Petition for Writ of Habeas Corpus without a reasoned decision.  (ECF No. 12-3, Lodgment No. 12.)  When a federal habeas court is faced with reviewing a state court denial for which there is no reasoned decision, the deferential standard under § 2254(d) cannot be applied because there is "nothing to which we can defer."  Luna v. Cambra, 306 F.3d 954, 960 (9th Cir. 2002).  Under such circumstances, "[f]ederal habeas review is not de novo . . . but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law." Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).  This Court must presume that the silent denial by the state supreme court was an adjudication of the constitutional claim on the merits and determine what "arguments or theories supported or, as here, could have supported, the state court's decision" and "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent" with a prior United States Supreme Court holding.  Richter, 131 S.Ct. at 786.

The California Supreme Court reasonably rejected Petitioner's claim in light of the clearly established Supreme Court law set forth in Strickland.  See Hill v. Lockhart, 474 U.S. 52, 57 (1985) (establishing that claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in Strickland).  A defendant has a Sixth Amendment right to counsel that "extends to the plea-bargaining process."  Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012).  With regard to plea bargaining, the United States Supreme Court has held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."  Missouri v. Frye, 132 S.Ct. 1399, 1408 (2012).  "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."  Lafler, 132 S.Ct. at 1387.  Although counsel is required to give a defendant the requisite tools to make an intelligent decision, a petitioner cannot prove ineffective assistance of counsel on the basis of a claimed right to "discuss in detail the significance of the plea agreement," and counsel is not obligated to "strongly recommend" that a defendant either accept or reject a plea offer.  Turner v. Calderon, 281 F.3d 851, 881 (9th Cir. 2002).

Here, although Petitioner had a constitutional right to effective assistance of counsel in deciding whether to accept or reject the plea offer, Lafler, 132 S.Ct. at 1387, the record is void of any indication that counsel violated that right.  In his Petition for Writ of Habeas Corpus before the California Court of Appeal, Petitioner acknowledged that he received a plea offer of ten years and discussed it with his trial counsel.  (ECF No. 12-1, Lodgment No. 9 at 5.)  The California Court of Appeals' decision confirms the same.  (ECF No. 12-2, Lodgment No. 10 at 2-3.)  Counsel, by communicating the ten-year offer to Petitioner and discussing it with him, gave Petitioner the tools he needed to make an intelligent decision, Turner, 281 F.3d at 881.  Trial counsel's failure to strongly advise Petitioner accept the plea offer did not constitute ineffective assistance.  See id.

Applying these clearly established federal precedents, and the "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional assistance," the Court finds that trial counsel's failure to advise Petitioner to accept the plea bargain instead of going to trial did not fall below the objective standard of reasonableness required by Strickland.  See Strickland, 466 U.S. at 687, 689.  Because the Court finds that Petitioner fails to show that his trial counsel was deficient, the Court need not consider whether Petitioner suffered prejudice as a result of counsel's alleged deficiency.  See id. at 697.

> **2.     Erroneous Assessment of Petitioner's Case and Sentencing Exposure, Causing Petitioner to Decide to Proceed to Trial**

Second, Petitioner claims ineffective assistance of counsel on the ground that trial counsel erroneously assessed Petitioner's case in predicting that he would receive a maximum of 12 years, which prompted his decision to go to trial.  Petitioner presented a similar claim in the California Court of Appeal (ECF No. 12-1 at 5-6), but did not fully develop this claim until his Petition for Writ of Habeas Corpus before the California Supreme Court.  (ECF No. 12-4, Lodgment No. 11 at 9-12.)  Respondent argues that the California Supreme Court reasonably rejected this claim because Petitioner provided only "self-serving, unsupported" statements in both of his petitions, and argued for a thirteen-year sentence and never expressed surprise at having been sentenced to more than twelve years in his first petition to the Court of Appeal.  (ECF No. 10-1 at 7.)  Respondent contends that, because "counsel's alleged erroneous calculation was not egregious," it does not amount to ineffective assistance. (Id.)  The Magistrate Judge recommends denying Petitioner's claim on the ground that the differences between the predicted and actual sentences are not extreme, and the California Supreme Court could have "reasonably found both that Petitioner's declaration presented insufficient evidence to overcome the strong presumption of competence of trial counsel, and that it was not reasonably probable that the three-year difference would have prompted Petitioner to plead guilty." (ECF No. 14 at 21-22.)

13cv3007-GPC (WVG)

Because the California Supreme Court denied the Petition for Writ of Habeas Corpus without a reasoned decision, (ECF No. 12-3, Lodgment No. 12), ". . . an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law." Delgado, 223 F.3d at 982. This Court must determine what "arguments or theories supported or, as here, could have supported the state court's decision" and "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent" with a prior United States Supreme Court holding. Richter, 131 S.Ct. at 786.

The California Supreme Court reasonably rejected Petitioner's claim in light of the clearly established Supreme Court law set forth in Strickland. To prove ineffective assistance during the plea phase of a prosecution, a petitioner "'must demonstrate gross error on the part of counsel . . . .'" Turner, 281 F.3d at 880 (quoting McMann v. Richardson, 397 U.S. 759, 772 (1970)). Counsel "cannot be required to accurately predict what the jury or court might find" and is not "constitutionally defective because he lacked a crystal ball." Id. at 881; see also McMann, 397 U.S. at 771 ("uncertainty is inherent in predicting court decisions.") Moreover, a petitioner cannot prove ineffective assistance of counsel on the basis of a claimed right to "receive an accurate prediction of the outcome of the case." Turner, 281 F.3d at 881. A "mere inaccurate prediction" regarding a sentence is insufficient to prove ineffective assistance of counsel; instead, "[e]rroneous predictions . . . are deficient only if they constitute a gross mischaracterization of the likely outcome of a plea bargain combined with . . . erroneous advice on the probable effects of going to trial." Sophanthavong v. Palmateer, 378 F.3d 859, 868 (9th Cir. 2004); see also Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986) (stating that a "mere inaccurate prediction" would not amount to ineffective assistance of counsel, as opposed to a "gross mischaracterization of the likely outcome" of the case) (citing McMann, 397 U.S. at 770); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (holding trial counsel's misrepresentation that petitioner would receive a maximum sentence of twelve years, where petitioner was

ultimately sentenced to fifteen years, did not constitute ineffective assistance of counsel).

Here, Petitioner fails to establish ineffective assistance of counsel on the ground that trial counsel incorrectly assessed the strength of his case and his sentencing exposure, leading him to proceed to trial instead of accepting the plea offer. Trial counsel was not obligated to provide Petitioner with an accurate prediction of the outcome of trial and was not constitutionally ineffective merely because he "lacked a crystal ball." See Turner, 281 F.3d at 881. Even if trial counsel's advice regarding Petitioner's sentencing exposure was erroneous, a discrepancy of three years does not amount to a "gross mischaracterization of the likely outcome." McMann, 397 U.S. at 770; see also Doganiere, 914 F.2d at 168. Because "uncertainty is inherent in predicting court decisions," McMann, 397 U.S. at 771, trial counsel's "mere inaccurate prediction" of Petitioner's ultimate sentence is insufficient to constitute ineffective assistance. See Palmateer, 378 F.3d at 868; Iaea, 800 F.2d at 865.

Applying these clearly established federal precedents, and the "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional assistance," the Court finds that trial counsel's incorrect assessment of Petitioner's case and sentencing exposure, allegedly causing Petitioner to decide to go to trial, did not fall below the objective standard of reasonableness required by Strickland. See Strickland, 466 U.S. at 687, 689. Because the Court finds that Petitioner fails to show that his trial counsel was deficient, the Court need not consider whether Petitioner suffered prejudice as a result of counsel's alleged deficiency. See id. at 697.

### 3.    Failure to Inform the Court on Record of Plea-Related Communications with Petitioner

Third, Petitioner claims ineffective assistance of counsel on the ground that trial counsel failed to "go on record" and inform the Court that he discussed the plea offer with Petitioner and informed Petitioner of the reasonableness of the offer and of the

practical impossibility of winning at trial. Petitioner did not raise this claim in the California Court of Appeal; he raised it for the first time in the California Supreme Court. (ECF No. 12-4, Lodgment No. 11 at 9-12.) The California Supreme Court denied the Petition for Writ of Habeas Corpus without a reasoned decision, (ECF No. 12-3, Lodgment No. 12); therefore, ". . . an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law." Delgado, 223 F.3d at 982. This Court must determine what "arguments or theories supported or, as here, could have supported, the state court's decision" and "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent" with a prior United States Supreme Court holding. Richter, 131 S.Ct. at 786.

The California Supreme Court reasonably rejected Petitioner's claim in light of the clearly established Supreme Court law set forth in Strickland. Petitioner has not set forth any legal authority in support of the proposition that his counsel was obligated to go on the record and inform the Court of certain communications that took place between them during the plea bargaining process. Applying the "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional assistance," and in light of the absence of federal precedents in support of Petitioner's claim, the Court finds that trial counsel's failure to go on the record and inform the Court of his communications with Petitioner during the plea process did not fall below the objective standard of reasonableness required by Strickland. See Strickland, 466 U.S. at 687, 689. Because the Court finds that Petitioner fails to show that his trial counsel was deficient, the Court need not consider whether Petitioner suffered prejudice as a result of counsel's alleged deficiency. See id. at 697.

The Court therefore finds that Petitioner suffered no violation of his constitutional rights due to trial counsel's: (1) failure to advise Petitioner to take the plea offer in light of the strength of the State's case; (2) incorrect assessment of Petitioner's case and maximum sentencing exposure, prompting Petitioner's decision

1   to proceed to trial; and (3) failure to "go on record" and inform the Court that he

2   discussed with Petitioner the reasonableness of the plea offer and the near impossibility

3   of prevailing at trial.  Accordingly, the Court **ADOPTS** the recommendation of the

4   Magistrate Judge that Petitioner's first claim of ineffective assistance of counsel be

5   dismissed with prejudice, and **DENIES** Petitioner's first claim.

6   **C.      State Sentencing Error and Ineffective Assistance of Counsel in Connection**

7   **        with the Sentencing**

8        Second, Petitioner claims a violation of his right to a jury trial caused by a

9   judicial sentencing error, and ineffective assistance of trial counsel and appellate

10  counsel under the Sixth and Fourteenth Amendments.  Specifically, Petitioner contends

11  that: (1) the upper term sentence on count one was imposed on the basis of facts found

12  by the trial judge instead of the jury in violation of his constitutional right to a jury trial

13  as articulated in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v.</u>

14  <u>Washington</u>, 542 U.S. 296 (2004) (ECF No. 9 at 5, 14-20).  On that basis, Petitioner

15  also argues that his right to effective assistance of counsel was violated because: (2)

16  trial counsel failed to raise <u>Apprendi</u> and <u>Blakely</u> or object to the propriety of the

17  factors considered in the imposition of Petitioner's sentence or the trial judge's

18  weighing of those factors, and (3) appellate counsel failed to raise the claims presented

19  here on direct appeal.  (<u>Id.</u>)

20       Respondent contends that the California Court of Appeals reasonably applied

21  <u>Strickland v. Washington</u>, 466 U.S. 688 (1983), in rejecting this claim because such an

22  argument raised by counsel would have been without merit after the 2007 amendments

23  to the Determinate Sentencing Law, and counsel's failure to raise a meritless legal

24  argument does not constitute ineffective assistance.  (ECF No. 10-1 at 8.)

25       The Magistrate Judge recommends denying Petitioner's second claim on the

26  grounds that the law at the time of Petitioner's sentencing did not require a jury to

27  determine aggravating factors.  (ECF No. 14 at 16.)  Thus, any contrary request by trial

28  counsel or appellate counsel would have been futile, and trial counsel's conduct "did

1   not undermine the proper functioning of the adversarial process to the point that

2   Petitioner was denied a fair sentencing hearing." (Id. at 16-17.)

3       In making a determination under AEDPA, the Court looks to the state court's last

4   reasoned decision.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where there

5   is no reasoned decision from the state's highest court, the Court "looks through" to the

6   underlying appellate court decision.   Ylst v. Nunnemaker, 501 U.S. 797, 801-06

7   (1991).  In the instant case, the California Supreme Court denied the Petition for Writ

8   of Habeas Corpus without a reasoned decision.  Therefore, the Court "looks through"

9   to the California Court of Appeal's decision. See id.

10      The California Court of Appeal, in denying Petitioner's second claim, stated:

11      With respect to sentencing, Martinez contends that his attorney provided
        ineffective assistance in failing to argue that under *Blakely v. Washington* (2004)
12      542 U.S. 296 and *Apprendi v. New Jersey* (2000) 530 U.S. 466, the judge was
        required to "impanel . . . a jury to find aggravating or mitigating factors" before
13      imposing an upper term sentence. Any argument that trial counsel might have
        made in this regard would have been entirely without merit in light of the 2007
14      amendments to the Determinate Sentencing Law, which were fully applicable at
        the time of Martinez's trial in March 2011. (Stats. 2007, ch. 3, § 2.) These
15      amendments permit a trial court to impose an upper term sentence without
        violating *Blakely* or *Apprendi* and their progeny. (See *People v. Jones* (2009)
16      178 Cal. App. 4th 853, 866.)

17  (ECF No. 12-2, Lodgment No. 10 at 3.)

18      **1.    Judicial Sentencing Error in Violation of Petitioner's Right to a Jury**

19          **Trial**

20      Petitioner first claims that the imposition of the upper term on count one based

21  on facts found by the trial judge, as opposed to the jury, violated his constitutional right

22  to a jury trial as articulated by the United States Supreme Court in Apprendi and

23  Blakely.  (ECF No. 9.)  In Apprendi, the Court held that, other than the fact of a prior

24  conviction, any fact used to increase a sentence above the statutory maximum must be

25  found by a jury beyond a reasonable doubt.  Apprendi, 530 U.S. at 466.  In Blakely, the

26  Court held that the statutory maximum for purposes of Apprendi is the maximum

27  sentence allowed to be imposed solely by a jury verdict or a defendant's admission.

28  Blakely, 542 U.S. at 296.  Further, in Cunningham v. California, 549 U.S. 270, 288

(2007), the United States Supreme Court held that California's Determinate Sentencing Law violated the right to a jury trial to the extent that it allowed a judge to impose an upper term sentence in the absence of an aggravating factor established by a jury verdict, a defendant's admission, or a prior conviction.

In 2007, in response to Cunningham, the California State Legislature amended California's Determinate Sentencing Law ("DSL"). See California Penal Code § 1170(b). The amendments vested trial courts with discretion to select from the lower, middle, and upper statutory terms "without stating ultimate facts deemed to be aggravating or mitigating under the circumstances and without weighing aggravating and mitigation circumstances." People v. Jones, 178 Cal. App. 4th 853, 867 (2009) (citing People v. Sandoval, 41 Cal. 4th 825, 847 (2007)). After 2007, "a trial court is [now] free to base an upper term sentence upon any aggravating circumstance that the court deems significant, subject to specific prohibitions." Sandoval, 41 Cal. 4th at 848; see also Keith v. Felker, 2012 WL 4069456, at *16-17 (C.D. Cal. July 5, 2012) (rejecting petitioner's claim that imposition of the upper term required a jury finding because petitioner was sentenced after the 2007 amendment of the law). Essentially, "these amendments to the DSL . . . eliminated the middle term as the statutory maximum absent aggravating factors." Jones, 178 Cal. App. 4th at 866.

Petitioner was sentenced to the upper term of five years on count one, robbery, and received a ten-year consecutive enhancement for the jury's finding that he used a gun on that count. (ECF No. 11-9, Lodgment No. 2 at 31.) The trial judge indicated that the choice to impose the upper term was based on a single mitigating factor, Petitioner's "de minimus" criminal history, as well as the following aggravating factors: (1) Petitioner was convicted on multiple counts; (2) the victim was vulnerable; (3) the crime was planned and sophisticated and Petitioner occupied a leadership role; (4) the crime was very violent and showed that Petitioner could be a danger to society; and (5) the crime involved merchandise in excess of $20,000. (Id. at 30-31.)

The California Court of Appeal reasonably applied clearly established federal law in rejecting Petitioner's claim.  Pursuant to the 2007 legislative amendments to California's Determinate Sentencing Law, the trial judge had discretion to sentence Petitioner on the robbery count to the upper term of five years based on facts that were not found by a jury beyond a reasonable doubt.  See Jones, 178 Cal. App. 4th at 867.  The Court therefore finds that Petitioner's right to a jury trial was not violated due to the imposition of the upper term on count one on the basis of facts found by the trial judge instead of the jury.

**2.      Ineffective Assistance of Trial Counsel and Appellate Counsel in Connection with Petitioner's Sentencing**

Next, Petitioner claims that trial counsel was ineffective in failing to raise Apprendi and Blakely, or to object to the propriety of the factors considered in the imposition of Petitioner's sentence or the trial judge's weighing thereof.  (ECF. No. 9 at 5, 14-20.)  In making a determination under AEDPA, the Court looks to the state court's last reasoned decision.  Avila, 297 F.3d at 918.  Here, because the California Supreme Court denied the Petition for Writ of Habeas Corpus without a reasoned decision, the Court "looks through" to the decision of the California Court of Appeal.  See Ylst, 501 U.S. at 801-06.  The California Court of Appeal, in denying this claim, stated: "Any argument that trial counsel might have made in this regard would have been entirely without merit."  (ECF No. 12-2, Lodgment No. 10 at 3.)

The California Court of Appeal reasonably applied clearly established federal law in rejecting this claim as meritless.  Failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.  Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (citing Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982)).  In the instant case, Petitioner was sentenced on September 9, 2011, well after the Legislature amended the sentencing law in 2007.  Because such arguments would have been without merit, Shah, 878 F.2d at 1162, the Court finds that trial counsel's failure to raise Apprendi and Blakely and object to the sentencing process did not fall

1   below the objective standard of reasonableness required by Strickland.  See Strickland,

2   466 U.S. at 687.  Because the Court finds that Petitioner fails to show that trial counsel

3   was deficient, the Court need not consider whether Petitioner suffered prejudice as a

4   result of counsel's alleged deficiency.  See id. at 697.

5          Petitioner also claims that appellate counsel was ineffective in failing to raise the

6   claims presented here on direct appeal.  (ECF No. 9 at 5, 14-20.)  The California Court

7   of Appeal did not address Petitioner's claim of ineffective assistance of appellate

8   counsel, and the California Supreme Court denied the Petition for Writ of Habeas

9   Corpus without a reasoned decision.  Therefore, this Court must presume that the

10  California Supreme Court's silent denial was an adjudication of the constitutional claim

11  on the merits and determine what "arguments or theories . . . could have supported, the

12  state court's decision" and "whether it is possible fairminded jurists could disagree that

13  those arguments or theories are inconsistent" with a prior United States Supreme Court

14  holding.  Richter, 131 S.Ct. at 786.

15         The California Supreme Court reasonably denied Petitioner's claim in

16  accordance with clearly established federal law.  As discussed above, Petitioner was

17  sentenced after the 2007 amendments to California's Determinate Sentencing Law.

18  Because failure to raise a meritless legal argument does not constitute ineffective

19  assistance of counsel, Shah, 878 F.2d at 1162, the Court finds that appellate counsel's

20  failure to raise the claims presented here on direct appeal did not fall below the

21  objective standard of reasonableness required by Strickland.   See id. at 1162;

22  Strickland, 466 U.S. at 687.  Because the Court finds that Petitioner fails to prove that

23  appellate counsel was deficient, the Court need not consider whether Petitioner

24  suffered prejudice as a result of counsel's alleged deficiency.  See id. at 697.

25         Accordingly, the Court **ADOPTS** the recommendation that Petitioner's second

26  claim be dismissed with prejudice, and **DENIES** Petitioner's second claim.

27  / / / /

28  / / / /

1  **D.      Certificate of Appealability**

2         Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he
3  district court must issue or deny a certificate of appealability when it enters a final
4  order adverse to the applicant."  A certificate of appealability should be issued only
5  where the petition presents "a substantial showing of the denial of a constitutional
6  right." 28 U.S.C. § 2253(c)(2).  To obtain a certificate of appealability, a petitioner
7  must show "that reasonable jurists would find the district court's assessment of the
8  constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484
9  (2000).

10        After reviewing Petitioner's FAP, the Court finds that Petitioner has failed to
11 demonstrate that "jurists of reason would find it debatable whether the petition states
12 a valid claim" that Petitioner was denied a constitutional right.  See id.  Accordingly,
13 the Court **DENIES** a certificate of appealability.

14                    **V. CONCLUSION AND ORDER**

15        For the reasons set forth above, **IT IS HEREBY ORDERED** that the Court
16 overrules Petitioner's Objections and **ADOPTS** the Magistrate Judge's R&R in its
17 entirety, and **DENIES** Petitioner's FAP.   The Court **DENIES** a Certificate of
18 Appealability.  The Clerk of Court is instructed to close the file.

19            IT IS SO ORDERED.

20

21 DATED:  December 2, 2014

22

23                                  HON. GONZALO P. CURIEL
                                    United States District Judge
24

25

26

27

28